UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL N. KELSEY,<br><br>        Plaintiff,<br><br>   -against-<br><br>CHRISTOPHER SHERMAN; FELIX CATENA; KATHY HOCHUL, all individually and in their official capacities,<br><br>        Defendants. | 1:22-CV-1934 (LTS)<br><br>ORDER TO SHOW CAUSE UNDER 28 U.S.C. § 1915(g) |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is a prisoner currently incarcerated in the Hudson Correctional Facility, filed this action *pro se* and seeks *in forma pauperis* ("IFP") status. The Court directs Plaintiff to show cause by declaration why he is not barred under the Prison Litigation Reform Act's three-strikes provision, 28 U.S.C. § 1915(g), from bringing this action IFP as a prisoner.

## THE PRISON LITIGATION REFORM ACT

  The Prison Litigation Reform Act ("PLRA") added the following three-strikes provision to the IFP statute:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Court finds that Plaintiff has accumulated at least three strikes under the PLRA. *See Kelsey v. McCallister*, 9:18-CV-0844 (N.D.N.Y. Sept. 14, 2018) (dismissing action for failure to state a claim on which relief may be granted, but granting Plaintiff leave to amend within 30 days; judgment issued Nov. 26, 2018, dismissing action for failure to state a claim on which relief may be granted and for failure to comply with the court's Sept. 14, 2018

order); *Kelsey v. Grossman*, ECF 1:18-CV-8521, 8 (S.D.N.Y. Jan. 8, 2019) (dismissing action under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii), under the doctrine of judicial immunity and as frivolous); *Kelsey v. Clark*, 1:21-CV-0985 (N.D.N.Y. Oct. 21, 2021) (recommending dismissing action under the doctrine of judicial immunity), *report & recommendation adopted*, (N.D.N.Y. Dec. 3, 2021), *appeal pending*, No. 22-22 (2d Cir.).[1] Thus, the Court recognizes Plaintiff as barred under Section 1915(g) from bringing any federal civil action IFP as a prisoner. Because Plaintiff is barred under that provision, unless he was under imminent danger of serious physical injury at the time that he filed his complaint, he must pay the fees to bring this action.[2]

Plaintiff does not allege any facts suggesting that he was under imminent danger of serious physical injury at the time that he filed his complaint. Instead, Plaintiff challenges the constitutionality of New York State's sex-offender registration laws.

### NOTICE AND OPPORTUNITY TO BE HEARD

A *pro se* litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands). The Court therefore grants Plaintiff leave to submit a declaration showing that he is not barred under Section 1915(g) from bringing this action IFP

---

[1] Claims dismissed because of judicial immunity are dismissed as frivolous for the purpose of the IFP statute. *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011).

[2] An imminent danger is not one "that has dissipated by the time a complaint is filed," *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); rather, it must be one "existing at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

as a prisoner. Plaintiff must submit his declaration within 30 days. If Plaintiff does not make this showing, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application and dismiss the action without prejudice under Section 1915(g).[3]

## CONCLUSION

The Court directs Plaintiff to show cause why he is not barred under the PLRA's three strikes provision, 28 U.S.C. § 1915(g), from bringing this action IFP as a prisoner. Plaintiff must file a declaration within 30 days explaining any reason why he should not be barred under Section 1915(g) from bringing this action IFP as a prisoner. A declaration form is attached to this order for Plaintiff's convenience. If Plaintiff does not show cause, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application and dismiss this action without prejudice under Section 1915(g).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 4, 2022
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

---

[3] Plaintiff is not barred from filing a federal civil action as a prisoner if he pays the fees to bring such an action. The fees to bring a federal civil action currently total $402.