UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL N. KELSEY,

                Plaintiff,

-against-

CHRISTOPHER SHERMAN; FELIX CATENA; KATHY HOCHUL, all individually and in their official capacities,

                Defendants.

1:22-CV-1934 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff filed this action *pro se* and seeks to proceed *in forma pauperis* ("IFP"). By order dated April 4, 2022, the Court: (1) noted that, while Plaintiff has been a prisoner, he has filed three or more federal civil actions or appeals that were dismissed as malicious, frivolous, or for failure to state a claim on which relief may be granted; and (2) ordered Plaintiff, within 30 days, to show cause by declaration why he is not barred under the Prison Litigation Reform Act's ("PLRA") three-strikes provision, 28 U.S.C. § 1915(g), from bringing this action IFP as a prisoner. The Court received Plaintiff's declaration on April 20, 2022, but it does not provide sufficient reason not to impose the abovementioned filing bar under Section 1915(g). Accordingly, Plaintiff is barred, under Section 1915(g), from proceeding in this action IFP as a prisoner.[1]

---

[1] To the extent that Plaintiff requests that the Court delay its decision as to whether Plaintiff may proceed IFP in this action until after he is released on May 5, 2022, the Court denies that request. For the purpose of the PLRA, the term "prisoner means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program." 28 U.S.C. § 1915(h). Because "the relevant time at which a person must be 'a prisoner' within the meaning of the PLRA in order for the [PLRA's] restrictions to apply is 'the moment the plaintiff files his complaint,'" *Gibson v. City Municipality of New York*, 692 F.3d 198, 201 (2d Cir. 2012).'") (citation omitted), the Court

On April 21, 2022, one day after he submitted his declaration, however, Plaintiff remitted the $350 filing fee. Because Plaintiff cannot proceed with this action IFP, in order for him to proceed with this action, he must pay both the $350 filing fee and the $52 administrative fee, totaling $402 in fees. In light of Plaintiff's *pro se* and incarcerated status, and Plaintiff's efforts to submit payment, the Court: (1) directs the Clerk of Court to return to Plaintiff his $350 payment; and (2) grants Plaintiff 30 days from the date of this order to submit payment totaling $402 in fees.

## CONCLUSION

The Court finds that, while Plaintiff has been a prisoner, he has filed three or more federal civil actions or appeals that were dismissed as malicious, frivolous, or for failure to state a claim on which relief may be granted. The Court therefore recognizes Plaintiff as barred, under 28 U.S.C. § 1915(g), from filing federal civil actions IFP while he is a prisoner, unless he is under imminent danger of serious physical injury. Because Plaintiff has failed to show cause why he is not barred, under Section 1915(g), from proceeding in this action IFP as a prisoner, the Court denies Plaintiff's IFP application.[2] The Court warns Plaintiff that the submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See* 28 U.S.C. § 1651.

---

must assess Plaintiff's eligibility to seek IFP status as of the time when he filed his complaint. When Plaintiff filed his complaint to commence this action, he was a prisoner, and he had already accumulated at least three strikes as a prisoner before filing the complaint.

[2] While Plaintiff is a prisoner, he may commence a new federal civil action by paying both the $350 filing fee and the $52 administrative fee, totaling $402 in fees per federal civil action. If Plaintiff does so, his complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The Court directs the Clerk of Court to return to Plaintiff his $350 payment. The Court grants Plaintiff 30 days from the date of this order to submit payment totaling $402 in fees. If Plaintiff fails to submit payment of $402 in fees within the time allowed, the Court will enter judgment dismissing this action because Plaintiff is barred from proceeding IFP in this action under Section 1915(g), and because Plaintiff has failed to pay the requisite fees.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 26, 2022
        New York, New York

                                /s/ Laura Taylor Swain
                                LAURA TAYLOR SWAIN
                                Chief United States District Judge