UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL N. KELSEY,

Plaintiff,

-against-

CHRISTOPHER SHERMAN; FELIX
CATENA; KATHY HOCHUL, all
individually and in their official capacities,

Defendants.

1:22-CV-1934 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated April 26, 2022, the Court recognized Plaintiff as barred under the Prison

Litigation Reform Act's ("PLRA") three-strikes provision, 28 U.S.C. § 1915(g). This prevents

Plaintiff, who appears *pro se*, from filing federal civil actions *in forma pauperis* ("IFP") while he

is a prisoner, unless he is under imminent danger of serious physical injury. In light of Plaintiff's

*pro se* and then-incarcerated status,[1] and his payment of the $350 filing fee, the Court did not

dismiss this action; instead, the Court directed the Clerk of Court to return to Plaintiff his

payment of the $350 filing fee, and granted Plaintiff 30 days to submit payment of the requisite

total of $402 in fees to proceed with this action.[2]

---

[1] Plaintiff has informed the Court that he has since been released from incarceration.

[2] In the same order, the Court denied Plaintiff's request that the Court delay its decision as to whether Plaintiff may proceed IFP in this action until after he was to be released. This was because, for the purpose of the PLRA, the term "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program," 28 U.S.C. § 1915(h), and because "the relevant time at which a person must be 'a prisoner' within the meaning of the PLRA in order for the [PLRA's] restrictions to apply is 'the moment the plaintiff files his complaint,'" *Gibson v. City Municipality of New York*, 692 F.3d 198, 201 (2d Cir. 2012) (citation omitted). As Plaintiff filed his complaint to commence this pending action while he was a prisoner, this action is subject to all of the provisions of the PLRA, including Section 1915(g). A prisoner who chooses to not

On May 5, 2022, the Court received a letter from Plaintiff in which he incorrectly assumes that this action has been dismissed, and that the Court has granted him leave to pay $402 in fees to either "reactivate" or "revive" this action, or to commence a new federal civil action. (ECF 7.) In that letter, Plaintiff expresses his confusion about the second footnote in the Court's April 26, 2022 order, which stated that, while Plaintiff is a prisoner, he may commence a future federal civil action by paying $402 in fees, and that any future complaint he files as a prisoner that commences a federal civil rights action is subject to review under 28 U.S.C. § 1915A. Plaintiff asks the Court whether paying $402 in fees will "reactivate" or "revive" this action, or commence a new federal civil action. (*Id.*)

The Court will now clarify: (1) because Plaintiff filed the complaint commencing the present action while he was a prisoner, this action is subject to the provisions of the PLRA; (2) Plaintiff is recognized as barred, under the three-strikes provision of the PLRA, 28 U.S.C. § 1915(g), from bringing any federal civil action, including this action, IFP while he is a prisoner, unless he is under imminent danger of serious physical injury; (3) because Plaintiff filed this action while he was a prisoner, has been recognized as barred under Section 1915(g), and could not show cause why he is not barred from proceeding with this action IFP, the Court denied Plaintiff's IFP application for this action; (4) this action has not been dismissed – it is pending; (5) because of Plaintiff's *pro se* and incarcerated status at the time that he filed this action, and because of Plaintiff's efforts to pay the $350 filing fee, the Court, in its April 26, 2022 order, directed the return of Plaintiff's $350 payment, and granted Plaintiff an opportunity to continue to proceed with this pending action by granting him a period of time to pay the

---

proceed IFP, or who cannot proceed IFP because of the Section 1915(g) filing bar, must pay the full amount of fees to proceed with a federal civil action.

requisite total of $402 in fees; (6) because Plaintiff is barred under Section 1915(g), he cannot

proceed IFP in any future federal civil action that he files as a prisoner – he must pay the

requisite total amount of fees to bring such an action (currently, $402 per federal civil action) –

unless, while he is a prisoner, he is under imminent danger of serious physical injury; and (7) any

future civil rights action that Plaintiff files as a prisoner will be subject to review under the

PLRA, 28 U.S.C. § 1915A.[3]

In light of Plaintiff's *pro se* status, the Court construes Plaintiff's letter as a request for an

extension of time to pay $402 in fees to proceed with this action. The Court grants Plaintiff a 30-

day extension of time to submit payment of those fees.

## CONCLUSION

The Court construes Plaintiff's letter (ECF 7) as a request for an extension of time to pay

$402 in fees to proceed with this action. The Court grants Plaintiff's request. Plaintiff must

submit payment totaling $402 in fees within 30 days. No further extensions of time will be

granted. If Plaintiff fails to submit payment of $402 in fees within the time allowed, the Court

will enter judgment dismissing this action because Plaintiff is barred from proceeding IFP in this

action under 28 U.S.C. § 1915(g), and because Plaintiff has failed to pay the fees to proceed with

this action.

---

[3] The PLRA does not apply to a federal civil action when the person who files the action is not a prisoner, as defined in Section 1915(h). *Gibson*, 692 F.3d at 201; *see Jones v. Cuomo*, 2 F.4th 22, 26 (2d Cir. 2021) ("When Jones filed this lawsuit, he was not detained pursuant to his earlier crimes. . . . Thus, Jones was not a 'prisoner' under the PLRA when he filed this lawsuit."). If Plaintiff wishes to request the withdrawal of this action and, once withdrawn, refile it as a nonprisoner, he is free to do so.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 12, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge