UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------
MICHAEL N. KELSEY,

                      Plaintiff,

-against-

CHRISTOPHER SHERMAN; FELIX CATENA; and KATHY HOCHUL, all individually and in their official capacities,

                      Defendants.
---------------------------------------------------------------



**ORDER OF SERVICE**

22 CV 1934 (VB)

Briccetti, J.:

    Plaintiff Michael N. Kelsey, who filed this action while incarcerated at the Hudson Correctional Facility, brings this action pro se pursuant to 42 U.S.C. § 1983, challenging the constitutionality of New York State's Sex Offender Registration Act ("SORA"), and his designation as a sex offender, and possibly, as a violent sexual offender, by New York State officials. He sues Christopher Sherman ("Officer Sherman"), a Board Examiner with the New York State Board of Examiners of Sex Offenders; Felix Catena ("Judge Catena"), a New York State County Court Judge; and Kathy Hochul ("Governor Hochul"), the Governor of New York. On behalf of himself and a putative class, plaintiff asserts claims against defendants in both their official and individual capacities; and he seeks damages, declaratory relief, and injunctive relief.

    Plaintiff paid the filing fee, and he has been released from prison and resides in Dutchess County, New York.

    For the reasons set forth below, the Court dismisses the putative class claims; dismisses Judge Catena from the case; dismisses plaintiff's official-capacity claims for damages against Officer Sherman and Governor Hochul; and directs the Clerk of Court to issue summonses for defendants Officer Sherman and Governor Hochul.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity.[1] See 28 U.S.C. § 1915A(a).[2] The Court must dismiss such a complaint, or any portion of such a complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.; see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

For the reasons discussed below, the only claims that may proceed are plaintiff's official-capacity claims for declaratory and injunctive relief against defendants Officer Sherman and Governor Hochul, as well as his individual-capacity claims against those defendants.

A.   Class Claims

Plaintiff's class claims must be dismissed.

The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir. 2007). That is, a nonlawyer cannot represent a person other than himself in federal court. See, e.g., Tse-Ming Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61

---

[1]   Because plaintiff filed this action when he was incarcerated and because he sues government officials, this action is subject to the screening provisions of the Prison Litigation Reform Act. See 28 U.S.C. § 1915A; Gibson v. City Municipality of New York, 692 F.3d 198, 201 (2d Cir. 2012).

[2]   Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

(2d Cir. 1990). Because a nonlawyer cannot bring suit on behalf of others, a nonlawyer pro se plaintiff cannot act as a class representative. Rodriguez v. Eastman Kodak Co., 88 F. App'x 470, 471 (2d Cir. 2004) (summary order).

Plaintiff mentions in his complaint that he was at one time an attorney. (Doc. #2, at 22). However, plaintiff was disbarred effective May 12, 2016. In re Kelsey, 148 A.D.3d 257, 258 (2d Dep't 2017).[3] Thus, plaintiff cannot act as a class representative.

Accordingly, plaintiff's class claims must be dismissed.

B.  The Eleventh Amendment

Plaintiff's official-capacity claims against Judge Catena, and his official-capacity claims for damages and other retrospective relief against Officer Sherman and Governor Hochul, are barred by the Eleventh Amendment and must be dismissed for lack of subject-matter jurisdiction.

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity." Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." Id. This immunity shields states from claims for money damages and other forms of retrospective relief. See Green v. Mansour, 474 U.S. 64, 72–74 (1985). If a plaintiff's claims are barred by the Eleventh Amendment, they must be dismissed for lack of subject-matter jurisdiction. Close v. State of New York, 125 F.3d 31, 38–39 (2d Cir. 1997).

---

[3]  This Court can and does take judicial notice of plaintiff's disbarment. See Feingold v. Graff, 516 F. App'x 223, 226 (3d Cir. 2013) (per curiam).

3

There is an exception to Eleventh Amendment immunity for suits against individual state officers in their official capacity when a plaintiff "(a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective." In re Deposit Ins. Agency, 482 F.3d 612, 618 (2d Cir. 2007).

Here, the Eleventh Amendment precludes plaintiff's official-capacity claims for damages against defendants, who are New York State officials. See, e.g., Exxon Mobil Corp. v. Healey, 28 F.4th 383, 392 (2d Cir. 2022). "New York has not waived its immunity, nor has Congress abrogated it." Feng Li v. Lorenzo, 712 F. App'x 21, 22 (2d Cir. 2017) (summary order).

Further, plaintiff appears to assert claims exclusively for retrospective relief against Judge Catena. Specifically, plaintiff's claims all relate to Judge Catena's decision in October 2016 to certify plaintiff as a sex offender. Thus, in addition to plaintiff's claims for damages, all other claims against Judge Catena in his official capacity must be dismissed.

Plaintiff, however, appears to assert claims for prospective relief against Officer Sherman and Governor Hochul. That is, he asserts their implementation of SORA continues to violate his federal constitutional rights and requests this Court issue a declaratory judgment the statute is unconstitutional and enjoin Officer Sherman and Governor Hochul from enforcing it in the future. Thus, although any claims for retrospective relief must be dismissed, plaintiff's claims for injunctive and prospective declaratory relief against these defendants may proceed.

Accordingly, the Court dismisses all of plaintiff's official-capacity claims for damages and other retrospective relief against defendants.

C.   Judicial Immunity

Plaintiff's Section 1983 claims for damages against Judge Catena in his individual capacity must be dismissed pursuant to the doctrine of judicial immunity.

Judges are absolutely immune from civil suit for damages in their individual capacities for any actions taken within the scope of their judicial responsibilities. Mireles v. Waco, 502 U.S. 9, 11–12 (1991). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply (i) when a judge takes action that is outside the judge's judicial capacity; or (ii) when a judge takes action, that, although judicial in nature, is in the absence of all jurisdiction. Mireles v. Waco, 502 U.S. at 11–12. Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." Bliven v. Hunt, 579 F.3d at 210. Moreover, "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." Stump v. Sparkman, 435 U.S. 349, 356 (1978).

Here, no exception applies, and thus plaintiff's claims for damages against Judge Catena in his individual capacity are barred by judicial immunity. Plaintiff alleges Judge Catena presided over his sentencing in state court, and his claims arise from Judge Catena's decision to certify him as a sex offender. Plaintiff's allegations, thus, arise from an individual case before Judge Catena, and plaintiff does not allege any facts to suggest Judge Catena took any action in the absence of any jurisdiction.

Accordingly, plaintiff's claims for damages against Judge Catena in his individual capacity must be dismissed.

D.    Injunctive Relief as to Judge Catena

Plaintiff's claims for injunctive relief against Judge Catena in his individual capacity must also be dismissed.

Section 1983 provides "that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. "Declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order." LeDuc v. Tilley, 2005 WL 1475334, at *7 (D. Conn. June 22, 2005).

Here, declaratory relief was available to plaintiff. Plaintiff could have and did appeal Judge Catena's decisions in his criminal case. See People v. Kelsey, 174 A.D. 3d 962 (3d Dep't 2019), leave to appeal denied, 34 N.Y.3d 982 (2019). Thus, injunctive relief against Judge Catena is foreclosed by Section 1983.

Accordingly, plaintiff's claims for injunctive relief against Judge Catena in his individual capacity must be dismissed.

E.    The Rooker-Feldman Doctrine

Plaintiff's claims under Section 1983 for declaratory relief against Judge Catena in his individual capacity must also be dismissed under the Rooker-Feldman doctrine.

Under the Rooker-Feldman doctrine, federal district courts lack subject-matter jurisdiction to review final state-court orders and judgments. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005). Specifically, district-court review of claims is barred under the Rooker-Feldman doctrine when: (i) the plaintiff lost in state court; (ii) the plaintiff complains of injuries caused by a state-court judgment; (iii) the plaintiff invites district-court review and rejection of the state-court judgment; and (iv) the state-court judgment was rendered before the district-court proceedings commenced. Dorce v. City of New York, 2 F.4th 82, 101 (2d Cir. 2021).

Here, plaintiff's claims for declaratory relief against Judge Catena are barred by <u>Rooker-Feldman</u>. Plaintiff appears to seek declaratory relief with respect to Judge Catena's decision to certify plaintiff as a sex offender at sentencing in plaintiff's state-court criminal case. Plaintiff was convicted at trial, and he was unsuccessful on appeal. He asserts the decision to certify him as a sex offender violated his constitutional rights, and he invites this Court to review and reject that decision. Further, the decision was rendered, and plaintiff's appeals concluded, before he commenced this case.

Accordingly, plaintiff's claims for declaratory relief against Judge Catena in his individual capacity must be dismissed for lack of subject-matter jurisdiction.

## CONCLUSION

Plaintiff's class claims are DISMISSED.

Plaintiff's claims against Judge Catena in his official and individual capacities are DISMISSED.

Plaintiff's claims for damages against Officer Sherman and Governor Hochul in their official capacities are DISMISSED.

Plaintiff's claims for injunctive and prospective declaratory relief against Officer Sherman and Governor Hochul in their official capacities, as well as his claims for damages, injunctive relief, and declaratory relief against Officer Sherman and Governor Hochul in their individual capacities, may proceed.

Plaintiff must serve copies of a summons and the complaint on defendants Officer Sherman and Governor Hochul within 90 days of the issuance of the summonses. If within those 90 days, plaintiff has not either served defendants or requested an extension of time to do so, the Court may dismiss plaintiff's remaining claims against those defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to issue summonses as to defendants Christopher Sherman and Kathy Hochul, and to terminate Felix Catena from the docket.

Dated: July 5, 2022
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge