UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MICHAEL N. KELSEY,
              Plaintiff,

v.

CHRISTOPHER SHERMAN, individually and
in his official capacity; KATHY HOCHUL,
individually and in her official capacity; NEW
YORK STATE BOARD OF PAROLE; NEW
YORK STATE DOCCS POUGHKEEPSIE
BUREAU; ST. LAWRENCE COUNTY
DISTRICT ATTORNEY; and ATTORNEY
GENERAL LETITIA JAMES,
              Defendants.
--------------------------------------------------------------x

**ORDER**

22 CV 1934 (VB)

      By Opinion and Order dated May 31, 2023, the Court granted defendants Christopher Sherman and Governor Kathy Hochul's motion to dismiss the complaint in this matter. (Doc. #27). The Court nevertheless granted plaintiff, proceeding pro se, leave to file, by June 30, 2023, an amended complaint to pursue only First Amendment and Fourteenth Amendment procedural due process claims. (Id.).

      On July 5, 2023, the Court received plaintiff's amended complaint dated June 30, 2023, which was separately docketed. (Doc. #29). The amended complaint names as defendants Christopher Sherman, Governor Kathy Hochul, NYS Board of Parole, NYS DOCCS Poughkeepsie Bureau, St. Lawrence County District Attorney, and Attorney General Letitia James.

      Also on July 5, 2023, the Court received a letter from plaintiff in which he stated: "As I was granted poor person status I presume the Court will take care of serving the Defendants?" (Doc. #28).

      By Order dated July 5, 2023, the Court reminded plaintiff he is barred from proceeding in forma pauperis and thus is not entitled to rely on the U.S. Marshal's Service to effect service on the newly named defendants—NYS Board of Parole, NYS DOCCS Poughkeepsie Bureau, St. Lawrence County District Attorney, and Attorney General Letitia James. The Court instructed plaintiff to request the Clerk of Court issue summonses for the newly named defendants and serve the summons and the amended complaint on these new defendants within 90 days of the issuance of the summonses. The Court further warned plaintiff that if, within those 90 days, he had not either served the new defendants or requested an extension of time to do so, it may dismiss plaintiff's claims against those defendants for failure to prosecute. (Doc. #28).

      The Clerk of Court issued the requested summonses and mailed them to plaintiff on July 19, 2023. (Doc. #31). Thus, plaintiff had until October 17, 2023, to serve the newly named

defendants. However, as of October 18, 2023, the docket did not reflect that these defendants had been served.

Accordingly, the Court sua sponte extended, to November 17, 2023, plaintiff's deadline to serve the summons and amended complaint on the newly named defendants. (Doc. #32). The Court also warned plaintiff that if he failed to file proofs of service for the newly named defendants on the docket by November 17, 2023, the Court would dismiss the claims against the new defendants under Rules 4 and 41 of the Federal Rules of Civil procedure. (Id.).

On November 1, 2023, the Court received another letter from plaintiff in which he reports he has now learned of Rule 4's waiver-of-service procedures, and on October 30, 2023, he mailed all newly named defendants "a notice, two copies of a waiver signature form, a SASE envelope, and a statement on the duty to avoid unnecessary service costs." (Doc. #33). As the new defendants are not obligated to return the waiver of service to plaintiff until November 30, 2023, see Fed. R. Civ. P. 4(d)(1)(F), plaintiff requests that his deadline to serve the newly named defendants be extended—once again—from November 17, 2023, to December 17, 2023. (Doc. #33).

Plaintiff also represents that during July and August 2023, he "arranged for service" of all newly named defendants, "with the sole exception of the St. Lawrence County District Attorney." (Doc. #33). Accordingly, the Court presumes only one new defendant remains unserved. Nonetheless, in light of plaintiff's pro se status and the deadline for return of the waiver of service, the Court will grant plaintiff one **final** extension of the service deadline, to **December 17, 2023**.

Plaintiff's letter also raises two additional issues. First, plaintiff asks the Court whether he may "submit proof of service directly – and solely – to the Pro Se Intake Unit rather than enroll in ECF?" Consistent with the Courts July 5, 2023 Order, plaintiff may direct all correspondence with the Court to the Pro Se Intake Unit. (Doc. #28).

Second, plaintiff states that after he served a summons and amended complaint "upon Lamarr Banks and uniformed correction officers manning the front desk at 1220 Washington Avenue Albany address," he received an email from Assistant Attorney General Steven Schulman. Mr. Schulman apparently informed plaintiff he had named as a party "NYS DOCCS Poughkeepsie Bureau"—rather than "NYS DOCCS"—and that "DOCCS' Poughkeepsie Bureau . . . is not a suitable entity." (Doc. #33). Plaintiff now asks the Court "whether I must amend a second time the complaint and receive an amended Summons so that 'NYS DOCCS' is a stand-alone in the caption such that a suitable entity is named and re-serve this party, or whether the Court will rule that paragraphs 10-12 of the Amended Complaint provides sufficient notice as to who is being sued." (Doc. #33).

In light of plaintiff's pro se status and clear intention to assert claims against NYS DOCCS, the Court construes the amended complaint as asserting claims against NYS DOCCS. Accordingly, plaintiff shall **not** file a second amended complaint.

Accordingly, it is HEREBY ORDERED:

1. Plaintiff's deadline to serve the summons and amended complaint on the newly named defendants is extended to **December 17, 2023**. The Court will not grant any further extensions.

2. By **December 17, 2023**, plaintiff must file on the docket proofs of service indicating the new defendants either waived service or were served on or before that date. **If plaintiff fails to do so, the Court will dismiss the claims against the new defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure.**

3. The time for all defendants to answer, move, or otherwise respond to the amended complaint is STAYED pending further Court Order.

4. The Clerk is instructed to amend the caption of this action to replace defendant NYS DOCCS Poughkeepsie Bureau with NYS DOCCS. See Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses NYS DOCCS may wish to assert.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: November 6, 2023
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge