UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MICHAEL N. KELSEY,

           Plaintiff,

v.

CHRISTOPHER SHERMAN, individually and
in his official capacity; KATHY HOCHUL,
individually and in her official capacity; NEW
YORK STATE BOARD OF PAROLE; NEW
YORK STATE DOCCS POUGHKEEPSIE
BUREAU; ST. LAWRENCE COUNTY
DISTRICT ATTORNEY; and ATTORNEY
GENERAL LETITIA JAMES,

           Defendants.
--------------------------------------------------------------x

Copies Mailed/Faxed
Chambers of Vincent L. Briccetti
12/22/2023
CLM

**ORDER**

22 CV 1934 (VB)



      By Opinion and Order dated May 31, 2023, the Court granted defendants Christopher Sherman and Governor Kathy Hochul's motion to dismiss the complaint in this matter. (Doc. #27). The Court nevertheless granted plaintiff, proceeding pro se, leave to file, by June 30, 2023, an amended complaint to pursue only First Amendment and Fourteenth Amendment procedural due process claims. (Id.).

      The amended complaint, docketed on July 5, 2023, names as defendants Christopher Sherman, Governor Kathy Hochul, NYS Board of Parole, NYS DOCCS Poughkeepsie Bureau, the St. Lawrence County District Attorney, and Attorney General Letitia James. (Doc. #29). Also on July 5, 2023, the Court received a letter from plaintiff in which he stated: "As I was granted poor person status I presume the Court will take care of serving the Defendants?" (Doc. #28).

      By Order dated July 5, 2023, the Court reminded plaintiff he is barred from proceeding in forma pauperis and thus is not entitled to rely on the U.S. Marshal's Service to effect service on the newly named defendants—NYS Board of Parole, NYS DOCCS Poughkeepsie Bureau, St. Lawrence County District Attorney, and Attorney General Letitia James. The Court instructed plaintiff to request the Clerk of Court issue summonses for the newly named defendants and serve the summons and the amended complaint on these new defendants within 90 days of the issuance of the summonses. The Court further warned plaintiff that if, within those 90 days, he had not either served the new defendants or requested an extension of time to do so, the Court may dismiss plaintiff's claims against those defendants for failure to prosecute. (Doc. #28).

      The Clerk of Court issued the requested summonses and mailed them to plaintiff on July 19, 2023. (Doc. #31). Thus, plaintiff had until October 17, 2023, to serve the newly named defendants. However, as of October 18, 2023, the docket did not reflect that these defendants had been served. Accordingly, the Court sua sponte extended, to November 17, 2023, plaintiff's deadline to serve the summons and amended complaint on the newly named defendants. (Doc. #32). The Court also warned plaintiff that if he failed to file proofs of service for the newly

1

named defendants on the docket by November 17, 2023, the Court would dismiss his claims against the new defendants under Rules 4 and 41 of the Federal Rules of Civil procedure. (Id.).

On November 1, 2023, the Court received another letter from plaintiff in which he reported he had recently learned of Rule 4's waiver-of-service procedures, and on October 30, 2023, he mailed all newly named defendants "a notice, two copies of a waiver signature form, a SASE envelope, and a statement on the duty to avoid unnecessary service costs." (Doc. #33). As the new defendants were not obligated to return the waiver of service to plaintiff until November 30, 2023, see Fed. R. Civ. P. 4(d)(1)(F), plaintiff requested that his deadline to serve the newly named defendants be extended—once again—from November 17, 2023, to December 17, 2023. (Doc. #33).

In light of plaintiff's pro se status and the deadline for return of the waiver of service, on November 6, 2023, the Court issued an order (i) granting plaintiff one final extension of the service deadline, to December 17, 2023; (ii) instructing plaintiff that if he did not file proofs of service on the docket indicating the newly named defendants were either served or waived service of process by December 17, 2023, the Court would dismiss his claims pursuant to Rules 4 and 41 of the Federal Rules of Civil Procedure; (iii) construing the amended complaint as asserting claims against NYS DOCCS rather than NYS DOCCS Poughkeepsie Bureau; and (iv) staying the deadline for all defendants to answer, move, or otherwise respond to the amended complaint. (Doc. #34).

On November 30, 2023, plaintiff filed a waiver of service executed form as to the St. Lawrence County District Attorney. (Doc. #35). Counsel for the St. Lawrence County District Attorney filed a notice of appearance on December 14, 2023. (Doc. #36). However, to date, the docket does not reflect plaintiff has filed proofs of service as to the remaining newly named defendants.

The Court is now in receipt of a letter dated December 18, 2023, in which plaintiff reports he has had trouble serving "the other state defendants." (Doc. #37). Among other things, plaintiff says his brother tried to personally serve NYS DOCCS and the NYS Board of Parole in September, but officers at the NYS DOCCS building in Albany "threw the papers to the ground." (Id.). Plaintiff also states, in late November, he corresponded with Assistant Attorney General Steven Schulman by email and on November 19, 2023, plaintiff reports, he mailed Mr. Schulman "a waiver to acknowledge service." Plaintiff says he was planning to "arrange for second-service of the documents," when he was arrested for an alleged parole violation on December 5, 2023. (Id.) Plaintiff states he has been in custody since that time and thus, unable to effect service on the remaining newly named defendants.

Plaintiff asks the Court to "elicit a formal response" from Mr. Schulman "as to whether he acknowledges service for AG James; DOCCS and Parole Board so as to remove the issue from skepticism." (Doc. #37). In the alternative, plaintiff asks for (i) "leniency in extending the time to serve the parties once my imprisonment handicap is lifted," and (ii) permission to serve the parties by certified mail. (Id.)

Under the circumstances, and for the reasons explained below, plaintiff's requests are denied.

The amended complaint was docketed nearly six months ago, on July 5, 2023. (Doc. #29). Plaintiff has been granted multiple extensions and opportunities to serve the newly named defendants and this Court has warned plaintiff on three prior occasions that his failure to file proofs of service on the docket in a timely manner would result in dismissal of his claims. Notably, the Court's November 6, 2023, Order extending the Rule 4(m) deadline for service was issued in reliance on plaintiff's representation he had sent all newly named defendants waiver of service packages on October 30, 2023 (returnable by November 30, 2023). In his most recent letter, however, plaintiff reports he actually sent Mr. Schulman a waiver of service on November 19, 2023. (Doc. #37).

Moreover, although plaintiff is proceeding pro se, he is a former attorney. In re Kelsey, 148 A.D.3d 257 (2d Dep't 2017). Plaintiff is also a very experienced pro se litigant. See, e.g., Kelsey v. Kessel, 2021 WL 4906757, at *1 (N.D.N.Y. Oct. 21, 2021); Kelsey v. Clark, 2023 WL 1980307, at *1 (2d Cir. Feb. 14, 2023); Kelsey v. Duwe, 2021 WL 2209877, at *1 (S.D.N.Y. June 1, 2021). Accordingly, the Court need not afford plaintiff the same special solicitude ordinarily granted to self-represented litigants, particularly with respect to procedural matters. See Tracy v. Freshwater, 623 F.3d 90, 103 (2d Cir. 2010). In sum, plaintiff has sufficient knowledge and experience with the legal procedures necessary to initiate and prosecute a lawsuit—and he has had more than ample time to comply with them.

Accordingly, it is hereby ORDERED:

1. Plaintiff's claims against the unserved newly named defendants are DISMISSED without prejudice pursuant to Rules 4 and 41 of the Federal Rules of Civil Procedure.

2. The Clerk is instructed to terminate defendants NYS DOCCS, NYS Board of Parole, and Attorney General Letitia James from the docket.

3. Defendants Christopher Sherman, Kathy Hochul, and St. Lawrence County District Attorney shall answer, move, or otherwise respond to the amended complaint by January 22, 2024.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to plaintiff at the address on his most recent correspondence as well as to the address on the docket.

Dated: December 22, 2023      SO ORDERED:
White Plains, NY

*[signature]*

Vincent L. Briccetti
United States District Judge