UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MICHAEL N. KELSEY,                                  :
                Plaintiff,                :
                                 :
v.                                                  :    **OPINION AND ORDER**
                                 :
CHRISTOPHER SHERMAN, in his individual              :    22 CV 1934 (VB)
and official capacities; KATHY HOCHUL, in           :
her individual and official capacities; and ST.     :
LAWRENCE COUNTY DISTRICT                             :
ATTORNEY,                                           :
                Defendants.                :
-----------------------------------------------------------------x

Briccetti, J.:

Plaintiff Michael N. Kelsey, proceeding pro se, brings this Section 1983 action against

defendants Christopher Sherman, a Board Examiner on the New York State Board of Examiners

of Sex Offenders (the "Board"), New York State Governor Kathy Hochul (together, the "State

Defendants"), and the St. Lawrence County District Attorney (the "District Attorney"). Plaintiff

asserts Fourteenth Amendment procedural due process claims associated with New York State's

Sex Offender Registration Act ("SORA"), N.Y. Correct. Law § 168 et seq., as well as First

Amendment claims related to several of his parole conditions.[1]

Now pending are the District Attorney's and the State Defendants' motions to dismiss the

amended complaint pursuant to Rules 12(b)(1) and 12(b)(6). (Docs. ##40, 47).

---

[1]     To the extent the amended complaint could be construed to allege substantive due
process violations, such claims are dismissed. By Opinion and Order dated May 30, 2023, the
Court dismissed the original complaint, but granted plaintiff leave to amend only with respect to
procedural due process and First Amendment claims. (Doc. #27 at 26). Accordingly, any other
claims arguably alleged in the amended complaint are not properly before the Court. See Palacio
v. City of New York, 489 F. Supp. 2d 335, 340 n.3 (S.D.N.Y. 2007); McCray v. Patrolman N.A.
Caparo, 761 F. App'x 27, 30 (2d Cir. 2019) (summary order).

Plaintiff will be provided with copies of all unpublished opinions cited in this decision.
See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009) (per curiam).

1

For the reasons set forth below, the motions are GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

For the purpose of ruling on the motions to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint and certain factual allegations in plaintiff's oppositions to the motions.[2]  The Court draws all reasonable inferences in plaintiff's favor, as summarized below.

I.    SORA Overview

Because this case centers on the application of SORA, the Court briefly reviews the statutory scheme as relevant to the instant motion.

In 1995, New York enacted SORA to protect the public from "the danger of recidivism posed by sex offenders."  1995 N.Y. Sess. Laws ch. 192 § 1.  Under SORA, a "sex offender" is defined as any person convicted of a "sex offense" or "sexually violent offense," as those terms are defined in the statute.  N.Y. Correct. Law § 168-a(1).  An individual is designated a sex offender automatically, by operation of law, upon conviction of a qualifying offense.  Id. § 168-d(1)(a).

---

[2]    Because plaintiff is proceeding pro se, the Court considers new allegations in his oppositions (Docs. ##51, 56), to the extent they are consistent with the amended complaint.  See Kelley v. Universal Music Grp., 2016 WL 5720766, at *6 (S.D.N.Y. Sept. 29, 2016); see also Davila v. Lang, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018) (Although "[a] pro se plaintiff may not raise entirely new causes of action for the first time in his opposition papers, . . . the Court may consider new claims appearing for the first time in briefing if the claims could have been asserted based on the facts alleged in the complaint.").

Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

Before a sex offender is released from custody, SORA requires the sentencing court to conduct risk classification proceedings to determine the individual's risk of recidivism and danger to the community upon release.

First, a Board Examiner reviews the offender's personal and criminal history, including the offense conduct and pre-sentence investigation report, among other things. Within sixty days prior to the offender's release, the Board recommends an appropriate risk level classification to the sentencing court and indicates whether the offender should be designated a sexual predator, a sexually violent offender, or a predicate sex offender. The Board's submission includes a case summary and a Risk Assessment Instrument ("RAI"), which assigns point values for various risk factors.

Second, the sentencing court must schedule a risk classification hearing. At least fifteen days prior to the hearing, the district attorney must provide the sentencing court and the offender with a written statement explaining the risk classification the state will seek, including its reasons for doing so. Both the offender and the district attorney may submit "relevant materials and evidence," but the district attorney bears the burden to prove, by clear and convincing evidence, the facts supporting the risk classification sought. N.Y. Correct. Law § 168-d(3). The sentencing court must also consider the Board's recommendation but may, "in the exercise of its discretion, depart from that recommendation." N.Y. State Bd. of Exam'rs of Sex Offenders v. Ransom, 249 A.D.2d 891, 891–92 (4th Dep't 1998).

Third, following the hearing, the sentencing court "shall render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based." N.Y. Correct. Law § 168-d(3). Either party may appeal the sentencing court's order as of right.

II.    Factual Allegations

On June 30, 2015, plaintiff was charged in St. Lawrence County Court (the "County Court") with one count of sexual abuse in the first degree in violation of N.Y. Penal Law § 130.65(2), one count of attempted sexual abuse in the first degree in violation of N.Y. Penal Law §§ 110.00, 130.65(2), one count of forcible touching in violation of N.Y. Penal Law § 130.52, and two counts of endangering the welfare of a child in violation of N.Y. Penal Law § 260.10(1).

Plaintiff was convicted at trial and, on October 21, 2016, he was sentenced to a total of seven years' imprisonment and ten years of post-release supervision. (Doc. #29-1 at ECF 104).[3] At plaintiff's sentencing, the County Court certified he was designated as a sex offender pursuant to SORA.

Near the end of his prison sentence, plaintiff was scheduled to be conditionally released to community supervision on May 8, 2022. (Doc. #29-1). Thus, on February 2, 2022, defendant Sherman sent the County Court an RAI and a case summary recommending plaintiff be "assessed as a Level 2 moderate risk sex offender" and designated a sexually violent offender. (Doc. #29-1 at ECF 4).

On February 24, 2022, the District Attorney sent plaintiff a letter notifying him that a risk classification hearing was scheduled for March 30, 2022. The letter also summarized the position the state would take at the hearing. (Doc. #51 at ECF 23). Plaintiff alleges he also received a copy of defendant Sherman's RAI and a case summary. (See Doc. #29-2 at ECF 2).

---

[3]    "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing System.

4

Plaintiff waived his right to appear at the March 30, 2022, hearing and instead submitted a 170-page memorandum of law. According to plaintiff, his pre-hearing submission raised constitutional arguments about his potential designation as a sexually violent offender, the Board's recommendation, the use of his pre-sentence investigation report (including victim impact statements), and SORA's risk classification procedures. (See Doc. #29 ("Am. Compl.") ¶¶ 53–54).

Following the risk classification hearing, the County Court adopted the Board's recommendations and designated plaintiff a sexually violent offender with a SORA risk level of two.

Plaintiff appealed the County Court's risk classification order. On November 30, 2023, the Appellate Division, Third Department, vacated the County Court's order because it had not set forth its findings of fact and conclusions of law. People v. Kelsey, 221 A.D.3d 1399, 1400 (3d Dep't 2023). Further, the Appellate Division noted, to the extent plaintiff had raised "direct constitutional challenges to certain portions" of SORA, the record did not indicate whether the New York State Attorney General had been notified of such challenges or whether the County Court had ruled on those issues. Id. The matter was remanded to the County Court for further proceedings.

In an order dated February 29, 2024, the County Court set forth its findings of fact and conclusions of law, and again designated plaintiff a sexually violent offender with a SORA risk level of two. (Doc. #60-1).[4] The County Court also clarified that it had been unable to consider plaintiff's arguments about SORA's constitutionality. Under New York law, if a party

---

[4]     On a motion to dismiss, the Court may take judicial notice of matters of public record, including "decisions [in] related proceedings." Jackson v. New York State, 523 F. App'x 67, 68 (2d Cir. 2013) (summary order).

challenges the constitutionality of a state statute in an action to which the state is not a party, a court may not consider the challenge unless the Attorney General is "notified and permitted to intervene" in defense of the statute. N.Y.C.P.L.R. § 1012(b)(1), (3). Because plaintiff had failed to provide proof of service demonstrating he gave the Attorney General the requisite notice, the County Court concluded it was barred from entertaining plaintiff's constitutional challenges during the risk classification proceedings.

## DISCUSSION

I.      Standard of Review

A.      Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011). "[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). The party invoking the Court's jurisdiction bears the burden of establishing jurisdiction exists. Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009).

In deciding a Rule 12(b)(1) motion at the pleading stage, the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor," except for "argumentative inferences favorable to the party asserting jurisdiction." Buday v. N.Y. Yankees P'ship, 486 F. App'x 894, 895 (2d Cir. 2012) (summary order).

6

When a defendant moves to dismiss for lack of subject matter jurisdiction and on other grounds, the Court should resolve the Rule 12(b)(1) challenge first.  Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

B.    Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under "the two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

Generally, the Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (collecting cases).  However, " the appropriate degree of special solicitude is not identical with regard to all pro se litigants."  Tracy v.

Freshwater, 623 F.3d 90, 102 (2d Cir. 2010). If "the particular pro se litigant is experienced in litigation and familiar with the procedural setting presented," the appropriate level of solicitude "may be lessened." Id. And when, as here, the pro se party is a lawyer, he is not entitled to the same special solicitude ordinarily granted to self-represented litigants.[5] United States v. Pierce, 649 F. App'x 117, 117 n.1 (2d Cir. 2016) (summary order).

II.    Younger Abstention

The State Defendants argue the Court should abstain from exercising jurisdiction over plaintiff's second, third, fourth, fifth, and sixth causes of action pursuant to Younger v. Harris, 401 U.S. 37 (1971) ("Younger").[6]

The Court agrees.[7]

A.    Legal Standard

Federal courts have a "virtually unflagging" obligation to hear cases within their jurisdiction. Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). However, pursuant to Younger, principles of comity and federalism "may sometimes require a

_____

[5]    The Court takes judicial notice that plaintiff is an attorney, albeit disbarred as a result of his 2016 conviction. In re Kelsey, 148 A.D.3d 257 (2d Dep't 2017).

[6]    The District Attorney argues Younger abstention is appropriate as to all of plaintiff's claims. Not so. Plaintiff's first cause of action challenges his 2016 designation as a sex offender. Under New York law, "although a defendant may challenge his or her certification as a sex offender on direct appeal from the judgment of conviction, a defendant cannot challenge his or her certification as a sex offender in an appeal from an order designating his or her risk level." People v. Shufelt, 223 A.D.3d 966, 967 (3d Dep't 2024). Because plaintiff has already exhausted his direct appeals, there is no ongoing state proceeding for purposes of his first cause of action and, therefore, Younger abstention is inappropriate. Further, as discussed below, plaintiff's seventh through twelfth causes of action relate only to parties which have been dismissed from this action.

[7]    Because the Court determines it must abstain from adjudicating plaintiffs second through sixth causes of action, it need not decide whether plaintiff otherwise has standing to bring these claims or whether the Court otherwise has subject matter jurisdiction to hear them. Cavanaugh v. Geballe, 28 F.4th 428, 432 n.4 (2d Cir. 2022).

district court to abstain from exercising its jurisdiction over a matter out of respect for certain state court functions."  Cavanaugh v. Geballe, 28 F.4th at 432.

Younger abstention is appropriate when there is an ongoing, parallel state court proceeding which falls into one of three categories:  (i) "state criminal prosecutions," (ii) "certain civil enforcement proceedings," and (iii) "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions."  Sprint Comm'cns, Inc. v. Jacobs, 571 U.S. 69, 78 (2013).  The pending state proceeding must provide an "adequate opportunity for judicial review—including for any claims of constitutional violations." Fischman v. Murphy, 2022 WL 4479523, at *2 (2d Cir. Sept. 27, 2022) (summary order).

Before invoking Younger, a federal court may also consider three additional, non-dispositive factors:  whether "there is (1) an ongoing state judicial proceeding that (2) implicates important state interests and (3) provides an adequate opportunity to raise federal challenges." Sprint Comm'cns, Inc. v. Jacobs, 571 U.S. at 81 (citing Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982)).

When the requirements for Younger abstention are met, its application is mandatory and deprives the court of subject matter jurisdiction.  Colo. River Water Conservation Dist. v. United States, 424 U.S. at 816 n.22; Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 197 (2d Cir. 2002).

B.    Analysis

Plaintiff's second through sixth causes of action are procedural due process claims challenging SORA's risk classification procedures and plaintiff's designation as a sexually violent offender.  The Court must abstain from hearing these claims because, for Younger

9

purposes, plaintiff's SORA risk classification proceedings are ongoing and they offer an adequate opportunity for judicial review.

>1. <u>Ongoing State Proceeding</u>

First, the Court concludes SORA risk classification proceedings fall into the second <u>Younger</u> category of "certain civil enforcement proceedings."  This category encompasses certain state proceedings which, although civil in nature, are "in aid of and closely related" to a state's enforcement of its criminal laws.  <u>Huffman v. Pursue, Ltd.</u>, 420 U.S. 592, 604–05 (1975).  Such proceedings are often initiated in response to a federal plaintiff's wrongdoing, "[i]nvestigtions are commonly involved," and the state is generally a party to the action.  <u>Sprint Comm'cns, Inc. v. Jacobs</u>, 571 U.S. at 79–80; <u>see, e.g.</u>, <u>Daniel v. Doe 1 Through Doe 10</u>, 2024 WL 2131446, at *2 (2d Cir. May 13, 2024) (summary order).

Here, a SORA risk classification is triggered by an individual's conviction of a qualifying sex offense.  Prior to a risk classification hearing, the Board conducts an investigation and presents its findings and a recommendation to the sentencing court.  The state must then offer clear and convincing evidence supporting the recommended risk level.  <u>People v. Watts</u>, 2024 WL 714400, at *1–3 (N.Y. Ct. App. Feb. 22, 2024).

To be sure, a SORA risk classification is remedial and not punitive in nature.  <u>People v. Dort</u>, 18 A.D.3d 23, 25 (3d Dep't 2005).  Nevertheless, these proceedings play a critical role in New York's enforcement of a comprehensive criminal statute designed to protect the public.  <u>See</u> <u>People v. Parris</u>, 153 A.D.3d 68, 78 (2d Dep't 2017) ("The State has a substantial, overriding interest in assessing the defendant's risk level to aid law enforcement, prevent sexual victimization, and protect the public.").  And, because plaintiff challenges the process by which his risk level was determined, federal interference in his SORA risk classification proceedings

could disrupt New York's "efforts to protect the very interests which underlie its criminal laws." Huffman v. Pursue, Ltd., 420 U.S. at 605.  In sum, SORA risk classification proceedings are the types of civil enforcement actions to which Younger applies.

Second, plaintiff's risk classification proceedings are ongoing.  "[T]o invoke Younger," the state proceedings "must have been initiated before any proceedings of substance on the merits have taken place in the federal court."  Liberty Mut. Ins. Co. v. Hurlbut, 585 F.3d 639, 647 (2d Cir. 2009); Hansel v. Town Ct., 56 F.3d 391, 393 (2d Cir. 1995) ("Younger applies if [a] state prosecution was pending at time of filing of [the] federal action.").  Moreover, a state proceeding is considered pending for Younger purposes until the federal plaintiff has exhausted all available appellate remedies.  Kirschner v. Klemons, 225 F.3d 227, 234 (2d Cir. 2000).

Plaintiff filed the original complaint in this matter on March 7, 2022.  By February 2022, Sherman had submitted the Board's recommendation to the County Court, and a hearing had been scheduled for March 30, 2022.  And, as of the date of plaintiff's March 30 hearing, no "proceedings of substance on the merits" had occurred in this action.  See Liberty Mut. Ins. Co. v. Hurlbut, 585 F.3d at 647.  Thus, the state proceedings were pending at the time plaintiff filed this federal action.

The risk classification proceedings are also still pending for Younger purposes.  As discussed above, the Appellate Division vacated plaintiff's initial risk classification on appeal in November 2023.  On remand, by order dated February 29, 2024, the County Court made a record of its reasoning and again imposed a risk level of two.  (Doc. #60-1).  Plaintiff may appeal the County Court's February 29, 2024, order as of right.  If unsuccessful, he may also seek leave to appeal to the New York Court of Appeals.  Only then will the state proceedings be considered

11

final under <u>Younger</u>.[8]  <u>Glatzer v. Barone</u>, 394 F. App'x 763, 765 (2d Cir. 2010) (summary order).

Accordingly, here, there is an ongoing state proceeding of the type to which <u>Younger</u> applies.

### 2.       Adequate Opportunity for Judicial Review

Further, plaintiff has had a sufficient avenue to raise his constitutional challenges to SORA's risk classification procedures in state court.

When there is an ongoing state proceeding which implicates <u>Younger</u>, the Court must abstain "unless state law clearly bars the interposition of the constitutional claims." <u>Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. at 432.  Absent evidence to the contrary, federal courts must presume the state courts will hear a plaintiff's constitutional challenge.  <u>Spargo v. N.Y. State Comm'n on Jud. Conduct</u>, 351 F.3d 65, 77 (2d Cir. 2003).  Thus, to avoid abstention, plaintiff bears "the burden of establishing the inadequacy of state proceedings."  <u>Id</u>.

Plaintiff offers no authority—and the Court is aware of none—suggesting the New York courts are not competent to hear his constitutional claims.  <u>Cf</u>. <u>Brown v. Stone</u>, 66 F. Supp. 2d 412, 429 n.9 (E.D.N.Y. 1999) (finding <u>Younger</u> abstention inappropriate when the state proceedings were pending in the New York Court of Claims, which "does not have jurisdiction to pass upon federal constitutional issues").  To the contrary, recent decisions from the New York Court of Appeals demonstrate the state courts are fully capable of adjudicating due process

---

[8]       As of this writing, the Court has located no decision from the Appellate Division or the New York Court of Appeals indicating plaintiff has exhausted his appellate remedies.  In any event, a plaintiff "may not forgo appealing an adverse state-court judgment to pursue a collateral attack on that judgment in federal court."  <u>Silva v. Farrish</u>, 47 F.4th 78, 89 n.12 (2d Cir. 2022).

challenges to SORA.  E.g., People v. Brown, 41 N.Y.3d 279 (2023); People v. Watts, 2024 WL 714400, at *2.

Nevertheless, as discussed above, the County Court was unable to rule on plaintiff's constitutional claims because he failed to give the Attorney General notice that he was challenging SORA.  Still, plaintiff's failure properly to raise his constitutional challenges in the County Court does not mean he lacked or lacks an adequate avenue for judicial review.

First, for Younger purposes, an individual need only be given "an opportunity to fairly pursue their constitutional claims in the ongoing state proceedings."  Juidice v. Vail, 430 U.S. 327, 337 (1977) (emphasis added).  Thus, the relevant question is "whether the state's procedural remedies could provide the relief sought," not whether the federal plaintiff will in fact obtain the ruling he seeks.  Kirschner v. Klemons, 225 F.3d at 235.

Plaintiff does not sincerely dispute that he had an opportunity for judicial review of his constitutional arguments in the County Court.  (See, e.g., Doc. #56 at ECF 18).  His failure fully to avail himself of that opportunity "does not mean that the state procedures were inadequate." Juidice v. Vail, 430 U.S. 327, 337 (1977).  Indeed, in Juidice v. Vail, the federal plaintiffs had, by suing in federal court, forfeited the opportunity to raise their constitutional challenges in an ongoing state proceeding.  Id. at 330, 337.  However, the Supreme Court held that so long as the state system "affords the opportunity to pursue federal claims within it," then "[n]o more is required to invoke Younger abstention."  Id. at 335, 337.  In another case, the Supreme Court remanded to the district court with instructions to abstain under Younger, even while acknowledging that, at that point, plaintiff could no longer obtain relief in the state court proceedings.  Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 16 n.16 (1987) ("We recognize that the

13

[state] trial court no longer has jurisdiction over the case. . . .  But Texaco cannot escape Younger abstention by failing to assert its state remedies in a timely manner.").

To hold otherwise in this case would allow individuals to make an end-run around the usual state procedures.  See, e.g., Pratt v. Hogan, 631 F. Supp. 2d 192, 196–97 (N.D.N.Y. 2009).  For example, in Temple of Lost Sheep Inc. v. Adams, the federal plaintiffs attempted to preserve their constitutional claims for federal review by asking a state court not to decide the federal claims in a pending proceeding.  930 F.2d 178, 181–82 (2d Cir. 1991).  As the Second Circuit observed, condoning this tactic would prevent the state courts from resolving federal constitutional questions, "thereby undermining one of the central purposes behind Younger abstention."  Id. at 183.  The same logic applies with equal force here.

Granted, plaintiff did attempt to bring his constitutional claims in the County Court but was hindered by a state procedural rule.  However, because he still had an adequate opportunity to make these constitutional arguments, the Court cannot excuse plaintiff's noncompliance with New York law.  Put differently, were the Court to exercise jurisdiction over claims that plaintiff failed properly to raise in the County Court, it would undermine the state court's authority to enforce its own procedural requirements.  See Spargo v. N.Y. State Comm'n on Jud. Conduct, 351 F.3d at 80 ("Younger implicitly recognizes that states may adopt a variety of different procedures to resolve legal disputes, yet it directs federal courts to defer to state procedures.").

Second, plaintiff may yet have an opportunity to air his constitutional claims on appeal.  Plaintiff has a statutory right to appeal the February 29, 2024, risk classification order, N.Y. Correct. Law § 168-d(3), and "[t]he Appellate Division may, as a matter of discretion, consider claims of error which were not properly preserved for review," People v. Thomas, 50 N.Y.2d 467, 473 (1980).  In other words, plaintiff has not shown he is barred from reviving his

14

constitutional arguments on appeal.  See, e.g., People v. Allen, 213 A.D.3d 73, 76–77 (1st Dep't 2023).  Even if the procedures in state court are less advantageous than those in a federal forum, the availability of further review militates in favor of abstention.  See Spargo v. N.Y. State Comm'n on Jud. Conduct, 351 F.3d at 79–81.  In sum, the pending state proceedings provide a sufficient avenue for judicial review of plaintiff's constitutional claims.

Thus, the requirements for Younger abstention are met, and the Court must abstain from hearing plaintiff's second, third, fourth, fifth, and sixth causes of action.[9]  Accordingly, these claims must be dismissed.  Gibson v. Berryhill, 411 U.S. 564, 577 (1973).

III.    Statute of Limitations

Plaintiff's first cause of action, which relates to his 2016 designation as a sex offender, must be dismissed as untimely.[10]

Section 1983 actions filed in New York are subject to the state's three-year statute of limitations for personal injury claims, Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013), which begins to run "from the time a plaintiff knows or has reason to know of the injury giving rise to the claim," Milan v. Wertheimer, 808 F.3d 961, 963 (2d Cir. 2015).  Importantly, "the proper

---

[9]    Liberally construed, plaintiff's opposition to the State Defendants' motion suggests the "bad faith" and "extraordinary circumstances" exceptions to Younger abstention should apply. (Doc. #56 at ECF 12–17).  "Despite the strong policy in favor of abstention, a federal court may nevertheless intervene in a state proceeding upon a showing of bad faith, harassment or any other unusual circumstance that would call for equitable relief."  Diamond "D" Constr. Corp. v. McGowan, 282 F.3d at 198.  However, even drawing all inferences in his favor, plaintiff has not pleaded any facts that would permit the Court to infer either exception applies in this case.

[10]    Although defendants' motions did not assert a statute-of-limitations defense, "district courts may dismiss an action sua sponte on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted."  Walters v. Indus. & Com. Bank of China, Ltd., 651 F.3d 280, 293 (2d Cir. 2011). Such is the case here.

focus is on the time" of the alleged unlawful act, "not the point at which the consequences of the act become painful." Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994).

Here, any cause of action arising from plaintiff's sex offender designation (rather than his risk classification) accrued in 2016, when plaintiff was certified as a sex offender and informed of the same during sentencing. (Am. Compl. ¶¶ 42, 76); see Peoples v. Hochul, 2024 WL 2880738, at *5 (N.D.N.Y. Apr. 22, 2024); Austin v. Cuomo, 2020 WL 7352664, at *6 (W.D.N.Y. Dec. 15, 2020). Plaintiff filed the complaint initiating this action on March 7, 2022—several years after the statute of limitations had expired.

Moreover, even if the first cause of action were not time-barred, it would fail on the merits. Plaintiff alleges his due process rights were violated because he was not permitted to present evidence to disprove the "implication that he has the character of a sex offender." (Am. Compl. ¶ 76). In Connecticut Department of Public Safety v. Doe, 538 U.S. 1 (2003), the Supreme Court rejected a similar challenge to Connecticut's version of SORA. There, the respondent argued that an individual could not be designated a "dangerous sexual offender" solely upon conviction of a qualifying offense, without "a hearing to determine whether or not they are particularly likely to be currently dangerous." Id. at 6. However, the Supreme Court held "due process does not require the opportunity to prove a fact that is not material to the State's statutory scheme." Id. at 4. When, as here, "the law's requirements turn on an offender's conviction alone" and the plaintiff "has already had a procedurally safeguarded opportunity to contest" that conviction, due process is satisfied. Id. at 7.

In New York, any person convicted of certain enumerated offenses is, by statute, deemed a "sex offender." N.Y. Correct. Law § 168-a(1). As relevant here, the enumerated offenses include those of which plaintiff was convicted: sexual abuse in the first degree, and forcible

16

touching if the victim is less than eighteen years old.  Id. § 168-a(2).  Because no fact other than

plaintiff's conviction bore on his sex offender designation, due process did not require that he be

permitted to present character evidence to disprove the appropriateness of the designation.

Conn. Dep't of Pub. Safety v. Doe, 538 U.S. at 7–8.

Accordingly, plaintiff's first cause of action must be dismissed.

IV.    Claims Against Dismissed Defendants

By Order dated December 22, 2023, the Court dismissed plaintiff's claims against the

New York State Board of Parole, the New York State Department of Corrections and

Community Supervision ("DOCCS"), and Attorney General Letitia James because plaintiff had

failed to serve these parties and had not shown good cause for a further extension of time to do

so.  (Doc. #38).[11]  Plaintiff's seventh through twelfth causes of action, which concern his parole

restrictions, contain allegations only as to these dismissed parties' actions.  The amended

complaint otherwise lacks particularized facts connecting the remaining defendants to the

imposition of plaintiff's parole conditions.[12]

Accordingly, plaintiff's seventh, eighth, ninth, tenth, eleventh, and twelfth claims must be

dismissed.  See Atuahene v. City of Hartford, 10 F. App'x 33, 34 (2d Cir. 2001) (summary

order) (a complaint may not "lump[] all the defendants together in each claim and provid[e] no

factual basis to distinguish their conduct").

---

[11]    The Court subsequently construed a letter from plaintiff as a motion for reconsideration
of its December 22 Order, and denied plaintiff's request for reconsideration.  (Doc. #46).

[12]    Notably, plaintiff's allegation that Governor Hochul is "charged with enforcement of
laws, and supervisor of all personnel including NYS DOCCS" (Am. Compl. ¶ 16) is insufficient
to state a claim against her for the alleged constitutional violations.  See Wang v. Pataki, 164 F.
Supp. 2d 406, 410 (S.D.N.Y. 2001); accord Sibley v. Watches, 501 F. Supp. 3d 210, 234
(W.D.N.Y. 2020).

## CONCLUSION

The motions to dismiss are GRANTED.

The Clerk is instructed to terminate the motions (Docs. ##40, 41, 42, 43, 47) and close this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Opinion and Order and all unpublished decisions cited herein to plaintiff at the address on the docket.

Dated: July 22, 2024
      White Plains, NY

                SO ORDERED:

                _____
                Vincent L. Briccetti
                United States District Judge